UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:15-cr-65-HSM-SKL-01 |
| | ) | |
| CHRISTOPHER D. KELLER, | ) | |
| | ) | |

**ORDER**

Before the Court is the motion of Defendant Christopher D. Keller ("Defendant") for permission to marry while in federal custody [Doc. 44]. A prisoner's freedom to marry is constitutionally protected, but an institution where a prisoner is incarcerated may in some circumstances refuse the prisoner's request to marry. *See Turner v. Safley*, 482 U.S. 78, 89, 94-96 (1987). Such refusal, however, must be "'reasonably related to legitimate penological interests.'" *Toms v. Taft*, 338 F.3d 519, 525 (6th Cir. 2003) (quoting *Turner*, 482 U.S. at 89); *United States v. Norris*, No. 1:07-CR-77, 2007 WL 4335459, at *2 (N.D. Ind. Dec. 7, 2007); *see also* 28 C.F.R. § 551.12. Where the prisoner's freedom to marry is conditioned on court approval,[1] the court may not impose a burden on his freedom that would not be constitutionally permissible if imposed directly by the detention facility itself. *See Norris*, 2007 WL 4335459, at *2. The Court is not aware of any legal reason for prohibiting the marriage. The government advised it has no objection to Defendant's motion. To the extent that the facility requires the Court's permission, permission is therefore **GRANTED**.

---

[1] A pretrial inmate may request permission to marry to the same extent as a convicted inmate, but the Court must be given the opportunity to "comment[]" on the proposed marriage. 28 C.F.R. § 551.111.

Defendant, through his friends and relatives, will be responsible for making any and all arrangements regarding the marriage and for any and all costs associated with those arrangements, including any extra costs to the facility where Defendant is housed. *See* 28 C.F.R. § 551.13(c). Any and all arrangements Defendant makes must comply with the rules and/or guidelines established by the United States Marshals Service and/or the penal facility where Defendants resides. Nothing in this Order is intended to indicate that Defendant should be removed from his place of incarceration or provided any other special treatment or privileges.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE